NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, | : : : : |
| Plaintiff, | : : |
| v. | Civil No. 05-3044 (AET) : : MEMORANDUM & ORDER |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | : : : |
| Defendant. | : : |

THOMPSON, U.S.D.J.

I.  Introduction

This matter is before the Court on Defendant United Services Automobile Association's ("USAA") motion to dismiss Plaintiff Chubb Custom Insurance Company's ("Chubb") Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court has decided this motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendant's motion to dismiss is granted.

II.  Background

On June 13, 2004, Plaintiff Chubb filed an action in this Court seeking a declaratory judgment that Plaintiff had no duty to indemnify Defendant USAA for claims from a class action lawsuit in Illinois state court. In its Amended Complaint, Plaintiff alleged that this Court had

diversity jurisdiction over the action because Defendant is a Texas corporation, with its principal place of business in Texas, and Plaintiff is a Delaware corporation, with its principal place of business in New Jersey.

On August 5, 2005, Defendant filed the present motion to dismiss. Defendant alleges that it is not a Texas corporation, but is instead a reciprocal interinsurance exchange, which should be treated like an unincorporated association for diversity jurisdiction purposes. Defendant argues that because it has members in all 50 states, it is a resident of all 50 states. As a result, Defendant contends that there can be no diversity of citizenship.

III.	Applicable Law

    A.	Lack of Subject Matter Jurisdiction

In reviewing a motion to dismiss based on a factual attack on subject matter jurisdiction, a court does not presume that the plaintiff's allegations are true. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The plaintiff has the burden of proving that jurisdiction exists. Id. If a court finds that it does not have subject matter jurisdiction, then it must dismiss the action under Fed. R. Civ. P. 12(h)(3).

Federal district courts have diversity jurisdiction over civil actions where the amount in controversy is more than $75,000, and where the action is between citizens of different states. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation is treated as both a citizen of the state where it is incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). An unincorporated association, on the other hand, is treated as a citizen of each state where it has a member. Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d

1254, 1258 (3d Cir. 1977).

A reciprocal interinsurance exchange consists of a group of people, called subscribers or members, who cooperate to insure each other against designated risks. See 3 Couch on Ins. § 39:48 (2005). It is "something more than a partnership and something less than an insurance corporation." Id. Because a reciprocal interinsurance exchange has "no legal existence separate from its subscribers, [it] is therefore considered an unincorporated association." Lumberman's Underwriting Alliance v. Hills, 413 F. Supp. 1193, 1195 (W.D. Mo. 1976).

  B. Dismissal of Parties to Preserve Diversity Jurisdiction

A district court may dismiss parties to keep diversity jurisdiction as long as those parties are not indispensable. Kerr v. Compagnie de Ultramar, 250 F.2d 860, 863 (3d Cir. 1958). A court decides whether a party is indispensable based on the context of each case. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 (1968); see also Fed. R. Civ. P. 19.

IV. Discussion

  A. Lack of Subject Matter Jurisdiction

Defendant USAA has provided the Court with documentation indicating that it is a reciprocal interinsurance exchange, and asserts that it should be treated accordingly as an unincorporated association for diversity purposes. Plaintiff Chubb concedes that Defendant USAA is an unincorporated association, but contends that (1) previous cases and (2) public documents raise a question concerning Defendant USAA's status for diversity jurisdiction.

Defendant USAA has litigated its status as an unincorporated association in previous

cases.  In Baer v. United Services Automobile Ass'n, the Second Circuit considered whether USAA should be treated as an unincorporated association for diversity purposes.  503 F.2d 393 (2d Cir. 1974).  It determined that it was "constrained . . . to regard [USAA] as an unincorporated association" under a distinction drawn by Texas law.  Id. at 395.  In addition, it was guided by the Supreme Court's decision in United Steelworkers of America v. R.H. Bouligny, Inc., which discouraged the application of diversity jurisdiction to parties not covered by 28 U.S.C. § 1332(c), such as unincorporated associations.  382 U.S. 145 (1965).

Later, the Tenth Circuit considered the same issue in Tuck v. United Services Automobile Ass'n, 859 F.2d 842 (10th Cir. 1988).  The Tenth Circuit noted that there was confusion about USAA's status for diversity purposes because USAA had appeared in federal courts through diversity jurisdiction in other cases.  Id. at 845 n.3.  It found, however, that those cases could not properly have any influence on its decision because they either contained "erroneous findings regarding USAA's diversity status" or did not discuss the issue.  Id.  As the plaintiff did not bring any other evidence to prove jurisdiction, the Tenth Circuit concluded that USAA was an unincorporated association.  Id. at 845.

In the present motion, this Court is unpersuaded by Plaintiff Chubb's proofs regarding Defendant USAA's diversity status.  First, the cases cited by the Plaintiff cast confusion over USAA's status, similar to the cases cited in Tuck.  See id. at 845 n.3.  As these cases may contain either erroneous statements or differing circumstances from the action at hand, this Court does not find them helpful in deciding whether it has subject matter jurisdiction.

Second, Plaintiff Chubb's reliance on "date of incorporation" language from the Texas

Department of Insurance website, the United States Securities and Exchange Commission website, and the annual statement filed with the National Association of Insurance Companies is misplaced. Defendant USAA has provided documentation showing that the "date of incorporation" language on the Texas Department of Insurance website actually refers to the date of formation. In addition, the "date of incorporation" language is not controlling for purposes of whether Defendant USAA is a corporation under the laws of Texas and does not bear on the Court's determination of diversity jurisdiction.

The evidence indicates that Defendant is an unincorporated association with members in all 50 states. Plaintiff has failed to meet its burden of proving jurisdiction.

  B. <u>Dismissal of Parties to Preserve Diversity Jurisdiction</u>

Plaintiff Chubb suggests that this Court should retain jurisdiction over the action by dismissing Defendant USAA and any of its members who prevent diversity of citizenship. This Court finds that Defendant USAA is indispensable because it has a direct interest in the action and declines to follow Plaintiff Chubb's proposal for retaining diversity jurisdiction. Thus, the action must be dismissed because there is no diversity of citizenship.

V. <u>Conclusion</u>

For these reasons, it is on this 5th day of October, 2005,

ORDERED that Defendant USAA's Motion to Dismiss [7] is GRANTED.

            s/ Anne E. Thompson
            ANNE E. THOMPSON, U.S.D.J.